UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Edwin Mitchell,

Plaintiff,

v.

Toledo Police Dept., *et al.*,

Defendants.

Case No. 3:26-cv-0216

MEMORANDUM OPINION
AND ORDER

## I. INTRODUCTION AND BACKGROUND

Defendants the Toledo Police Department and the City of Toledo moved to dismiss Plaintiff Edwin Mitchell's complaint. (Doc. No. 4). Plaintiff opposed the motion, (Doc. Nos. 6 and 7), and Defendants filed a brief in reply. (Doc. No. 8).

Plaintiff claims that on Thanksgiving night (he does not provide the year), Toledo police officers unlawfully entered his home without a warrant or consent and used excessive force to arrest him, causing him to sustain a head injury. (*See* Doc. No. 1). He states that he was wearing only his underwear when he was taken outside in freezing weather and transported first to the police station and then to the hospital. He allegedly was returned to the hospital a second time after officers discovered that they neglected to obtain a medical release. Plaintiff asserts claims under the Fourth Amendment for unreasonable seizure and excessive force, and claims under the Fourteenth Amendment for inhumane treatment and denial of medical care. He seeks monetary damages.

## II. Standard

Rule 12 provides for the dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted)).

The plaintiff must offer more than conclusory allegations or legal conclusions masquerading as factual allegations. *Twombly*, 550 U.S. at 555 (The complaint must contain something more than "a formulaic recitation of the elements of a cause of action."). A complaint must state sufficient facts which, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

Courts must read Rule 12(b)(6) in conjunction with Rule 8(a)(2)'s requirement that a plaintiff need offer "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir. 2008). The court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case[,] and exhibits attached to defendant's motion to dismiss so

long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## III. Analysis

Defendants argue that the Toledo Police Department is not a legal entity capable of being sued and Plaintiff has not stated a plausible claim to hold the City of Toledo liable for the actions of individual officers. Plaintiff opposed the motion, reiterating the allegations in his Complaint and stating that his claim against the City is based on failure to supervise and train officers in mental health crisis intervention and humane detention practices.

Plaintiff's claims against the Toledo Police Department fail as a matter of law, because a police department is not *sui juris*, meaning it is not a legal entity under Ohio law that can sue or be sued. *See, e.g., Warman v. Mount St. Joseph Univ.*, 144 F.4th 880, 891 (6th Cir. 2025) (observing "police departments are generally not sui juris under Ohio law") (citing cases); *Marshall v. Toledo Police Dep't*, No. 3:23 CV 2054, 2024 WL 3819624, at *2 (N.D. Ohio Aug. 14, 2024) (dismissing claims against the Toledo Police Department because it is not *sui juris*). Therefore, I grant Defendants' motion to dismiss on this basis.

Furthermore, Plaintiff fails to state a claim against the City of Toledo. Section 1983 does not permit a Plaintiff to sue a local government entity on the theory of *respondeat superior*. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978). In other words, the City of Toledo cannot be held liable for the actions of its employees or officers solely because it employs them. Instead, Plaintiff may only hold a local government entity liable under § 1983 for the entity's own wrongdoing. *Id.*

A local government entity violates § 1983 where its official policy or custom actually deprives an individual of his or her constitutional rights. *Id.* A "municipal policy" includes "'a policy statement, ordinance, regulation, or decision officially adopted and promulgated.'" *Powers v.*

*Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (quoting *Monell*, 436 U.S. at 690).

A "custom" for purposes of *Monell* liability must "be so permanent and well settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691 (citation and internal quotation marks omitted). It must reflect a course of action deliberately chosen from among various alternatives. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). In short, a "custom" is a legal institution not memorialized by written law. *Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993). To state a claim for relief against a municipality under § 1983, Plaintiff must: "(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).

Here, Plaintiff alleges only that the City of Toledo has a policy or custom of inadequately training or supervising its police officers. Plaintiff cannot bypass the restriction on *respondeat superior* liability by simply making a conclusory statement that the City failed to train or supervise its employees. He must allege facts to support this statement.

The inadequacy of police training only serves as a basis for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. *Slusher v. Carson*, 540 F.3d 449, 457 (6th Cir. 2008). To establish deliberate indifference, the Plaintiff may allege facts that show prior instances of unconstitutional conduct demonstrating that the City has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury. *Id.*; *see also Gregory v. City of Louisville*, 444 F.3d 725, 752-53 (6th Cir. 2006). In the alternative, where the constitutional violation was not alleged to be part of a pattern of past misconduct, Plaintiff must allege facts that demonstrate either the City's complete failure to train the police force as a group or that the training provided by the City was so reckless or

grossly negligent that future police misconduct was almost inevitable or substantially certain to result. *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982).

Plaintiff's Complaint alleges none of those things. Instead, he simply states that individual officers effected his arrest in a manner that violated his constitutional rights. There is nothing in the Complaint that suggests that the officers were acting pursuant to a policy or custom of the City of Toledo. Plaintiff's conclusory allegations that, on one occasion, individual officers may have acted in a manner Plaintiff believes to have been inconsistent with the threat he posed to the safety of the officers and the community at the time of his arrest do not support an inference that the City of Toledo had a policy or custom of inadequate training.

## IV. CONCLUSION

For the reasons stated above, I conclude that Plaintiff Edwin Mitchell's Complaint fails to state a claim upon which relief may be granted. Therefore, I grant Defendants' motion to dismiss. (Doc. No. 4). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge